60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Linnell Casedric HART, Defendant-Appellant.
 No. 95-5102.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 22, 1995.
Decided: July 14, 1995.
 
 Robert H. Edmunds, Jr., STERN, GRAHAM & KLEPFER, L.L.P., Greensboro, NC, for appellant.
 Walter C. Holton, Jr., United States Attorney, Michael F. Joseph, Asst. U.S. Atty., Greensboro, NC, for appellee.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Linnell Casedric Hart pled guilty to possession of 17.0 grams of crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 841(a), (b)(1)(B) (West 1981 & Supp.1995), and to use of a firearm in a crime of violence, 18 U.S.C.A. Sec. 924(c) (West Supp.1995). Although his sentencing guideline range for the drug offense was 46-57 months, Hart was sentenced to the mandatory minimum five-year sentence prescribed by Sec. 841(b)(1)(B), and to a consecutive five-year sentence for the firearm conviction. Hart appeals his sentence, alleging that the district court did not recognize its authority to depart below the mandatory minimum sentence prescribed by Sec. 841. We affirm.
 
 
 2
 Hart advanced a number of mitigating circumstances as reasons for a downward departure in the district court. Because the government did not move for a departure based on substantial assistance, however, the district court held that it lacked authority to impose a sentence below the statutory minimum. Hart contends on appeal, as he did in the district court, that 18 U.S.C.A. Sec. 3553(b) (West Supp.1995) and guideline section 1B1.1(i)[1] give the sentencing court authority to depart below a statutory minimum for any reason which would ordinarily warrant a departure, just as 18 U.S.C.A. Sec. 3553(e) (West Supp.1995)[2] and guideline section 5K1.1 provide authority for a departure below the statutory minimum based on substantial assistance.
 
 
 3
 Hart acknowledges that no authority supports this view apart from appellate counsel's novel reading of the statute and the guidelines. We do not find his reasoning persuasive. A sentence imposed below a statutory minimum without explicit statutory authority for doing so, such as is given by Sec. 3553(e) but not by Sec. 3553(b), would be a sentence imposed in violation of law. See United States v. Patterson, 38 F.3d 139, 146 n. 8 (4th Cir.1994), cert. denied, 63 U.S.L.W. 3817 (U.S.1995).
 
 
 4
 The sentence imposed by the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1994). Title 18, Sec. 3553(b) provides that a sentence within the guideline range should be imposed unless the district court finds reason to depart. Guideline section 1B1.1(i) provides: "Refer to Parts H and K of Chapter Five, Specific Offender Characteristics and Departures, and to any other policy statements or commentary in the guidelines that might warrant consideration in imposing sentence."
 
 
 [2]
 Title 18, Sec. 3553(e) provides: "Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."